FILED
FEB 13 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK
SA26CA1295FB

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA<br>Plaintiff,<br>v.<br><br>ATYG LLC d/b/a STEADY CAPITAL SOLUTIONS, JAKE SHAPIRO; and JORDAN BAKER<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No.** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. This action seeks statutory damages and injunctive relief to stop Defendants ATYG LLC ("ATYG"), Jake Shapiro, and Jordan Baker (collectively "Defendants") from orchestrating and conducting a persistent and unlawful telemarketing campaign that bombards Plaintiff Mark Anthony Ortega ("Plaintiff") with unsolicited, harassing telemarketing calls and text messages to market business loans and funding services. The calls violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Texas Business and Commerce Code, Chapters 302 and 305.

2. Despite Plaintiff's repeated and unequivocal requests to be placed on an internal do-not-call list, Defendants persisted in their unlawful telemarketing campaign. Defendants and their agents utilized deceptive practices, including the use of multiple fictitious business names such as "Steady Capital," "Steady Funding," and "Steady Business", to conceal their identity and continue their unwanted solicitations. Defendants' conduct has caused Plaintiff harm, including the invasion of his privacy, aggravation, annoyance, depletion of his phone battery and time.

**BACKGROUND ON THE TCPA**

3. Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting

Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

4. Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. *See Omnibus TCPA Order,* 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015). The TCPA remains a vital tool for combating these abuses, and its private right of action is essential to empower individuals to hold violators accountable.

5. The TCPA specifically prohibits the use of automated telephone dialing systems or pre-recorded voice messages to make telemarketing calls to cellular telephones without the prior express consent of the called party. Additionally, the TCPA strictly forbids telemarketing calls to numbers listed on the National Do Not Call Registry. These provisions are designed to protect consumers from the unique harms associated with these types of intrusive calls, including wasted time, invasion of privacy, and the potential for economic loss.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012)* (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

7. Additionally, this Court has supplemental jurisdiction over the claims arising under Tex. Bus. & Com. Code § 302 and § 305. While the Texas Business and Commerce Code, Chapter 302 and 305, is a state law, it complements and supplements the federal TCPA by providing

additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

8.     In this instance, the claims under the Tex. Bus. & Com. Code § 302 and § 305, are intertwined with the TCPA claims, as they both arise from the same set of facts involving the Defendants' telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets of claims are closely related, and it would be efficient and convenient for the Court to address them together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code § 302 and § 305.

9.     This Court has personal jurisdiction over the Defendants as they purposefully directed their unlawful telemarketing activities at Texas and specifically at Plaintiff, who resides in this district. By soliciting business from Texas residents, Defendants purposefully availed themselves of the privilege of conducting activities within the State of Texas.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

11.     Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

12.     Defendant ATYG LLC is a limited liability company incorporated in New York with its principal place of business in Albany, New York. Defendant may be served with process through its registered agent, Corporate Creations Network Inc., at 600 Mamaroneck Avenue #400, Harrison, NY 10528.

13.     Defendant Jake Shapiro is an individual. He will be served with process once his address is determined through discovery.

14. Defendant Jordan Baker is an individual. He will be served with process once his address is determined through discovery.

15. Defendants are considered a "person" as that term is defined by 47 U.S.C. § 153(39).

## FACTUAL BACKGROUND

16. On or about January 23, 2012, Plaintiff registered his cellular telephone number, 210-744-9663 ("Plaintiff's Number"), with the National Do Not Call Registry. Plaintiff has never de-listed this number.

17. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of Plaintiff's Number.

18. Plaintiff uses his cellular phone primarily for personal, residential, and household purposes.

19. Plaintiff's Number is designated for residential use, as it is assigned to a consumer telephone exchange service and is not assigned to a telephone exchange service designated for business use.

20. Plaintiff has never had any prior business relationship with Defendants, has never been a customer, and has never granted express written consent to Defendants or any entity acting on their behalf to receive telemarketing calls.

21. On or about April 17, 2023, Defendant Jordan Baker, acting on behalf of ATYG LLC (identifying as "Steady Capital"), initiated a solicitation text message to Plaintiff from telephone number (719) 207-7399. The text message stated: "Hey it's Jordan Baker From Steady Capital. We are a group of direct lenders and private investors. I can offer you the cheapest Unsecured $$ this industry has to offer. I can have offer's and funds in your account within a few hours. What's the best email to reach you at?"

22. After Defendant Jordan Baker sent an additional two telemarketing messages, on April 20, 2023, Plaintiff responded to Defendant Jordan Baker's text message with the single word: "Stop".

23. This response constituted a clear and unequivocal revocation of consent and a demand to be placed on Defendants' internal Do-Not-Call list pursuant to 47 C.F.R.§ 64.1200(d).

24. Despite this explicit instruction to stop, Defendants failed to honor the request. Defendants continued to solicit Plaintiff using different agents and variations of their business name to evade compliance.

25. On May 15, 2024, over a year after Plaintiff's "Stop" request, Defendant Jake Shapiro, acting on behalf of ATYG LLC, sent a text message to Plaintiff from (610) 206-0695 stating: "Hey it's jake we can get you 200,000 payback 240,000 Within the hour..."

26. When Plaintiff asked "Jake from where?" and "What's your website", Defendant Jake Shapiro identified the company as "steady cap."

27. Defendants continued their campaign into late 2025 and 2026 using the alias "Joey" and the entity names "Steady Funding" and "Steady Business." For example, Plaintiff received messages from "Joey" on or around December 2025 via the number (628) 250-5390 stating "Hey I can fund your company up to 800k same day, direct with no broker fees and longest terms. how much can you use?"

28. Plaintiff's investigation into the domain steadycapitalsolutions.com revealed that the privacy policy on said website explicitly lists the operator of the site and the business as "ATYG LLC".

29. The text messages sent by Defendants were generic, impersonal, and indicative of the use of an Automatic Telephone Dialing System (ATDS) or mass-texting platform. The

messages utilized templates (e.g., "I can fund your business 50-950k") and were sent from multiple different telephone numbers to mask the source of the calls.

30. Defendants openly admit to utilizing automated systems for their marketing. The disclaimer on Defendants' own online application form states: “By clicking ‘Submit,’ you provide express written consent for ATYG LLC and affiliates to contact you via call, text, or email (including automated methods)...” This admission confirms that Defendants possess and utilize technology capable of automated dialing and mass messaging, supporting Plaintiff's allegation that an ATDS was used to contact him.

31. Defendants’ actions of repeatedly calling Plaintiff’s residential telephone number using deceptive tactics, and continuing to call after Plaintiff’s do-not-call requests, were willful and knowing violations that caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, wasted time, anxiety, depletion of his cellular phone’s battery life and intrusion upon seclusion.

**COUNT I**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c))**

32. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 31.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. At all relevant times mentioned herein, Plaintiff's cellular telephone number, (210) 744-9663, was and remains registered on the National Do-Not-Call Registry. Plaintiff’s number had been on the Registry for more than 31 days prior to Defendants’ calls.

35. Defendants ATYG LLC, Jake Shapiro, and Jordan Baker, in violation of 47 U.S.C. § 227(c), initiated, or caused to be initiated, multiple telephone solicitations to Plaintiff's registered telephone number for the purpose of encouraging the purchase of loans and funding services.

36. Defendants did not have Plaintiff's prior express written consent to place these telemarketing calls and texts, nor did they have an established business relationship that would exempt them from the TCPA's prohibitions.

37. The aforementioned violations were made willfully and knowingly. Defendants' knowledge is evidenced by their use of fictitious business names to conceal their identity.

38. As a direct and proximate result of Defendants' violations, Plaintiff is entitled to statutory damages of up to $500 for each and every call that violated the TCPA. Furthermore, because Defendants' violations were willful and knowing, Plaintiff is entitled to, and the Court has the discretion to award treble damages up to $1,500 for each violation.

**<u>COUNT II</u>**
**Violation of the Telephone Consumer Protection Act**
**Failure to Honor Do-Not-Call Request**
**(47 C.F.R. § 64.1200(d))**

39. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 31.

40. The TCPA and its accompanying regulations impose an affirmative obligation upon entities engaged in telemarketing to honor consumer requests to cease such solicitations. *See* 47 C.F.R. § 64.1200(d)(6).

41. Specifically, 47 C.F.R. § 64.1200(d)(6) requires a "person or entity making calls for telemarketing purposes" to "maintain a record of a consumer's request not to receive further telemarketing calls" and honor said request "for 5 years from the time the request is made."

42. As alleged herein, on multiple occasions on or around April 20 2023, Plaintiff made clear and unequivocal request to Defendant Jordan Baker to stop calling his telephone number.

43. Despite these direct requests, Defendants ATYG LLC and its agents failed to record and honor Plaintiff's do-not-call requests and continued to initiate or cause to be initiated telemarketing calls to Plaintiff's Number.

44. Defendants' failure to have procedures in place to honor do-not-call requests, and their subsequent calls to Plaintiff after he had instructed them to stop, constitute multiple, separate violations of 47 C.F.R. § 64.1200(d).

45. The aforementioned violations were made willfully and knowingly. Defendants' willful intent is evidenced by the pattern of continued calls after Plaintiff's repeated requests and their use of deceptive tactics to obscure their identity.

46. As a direct and proximate result of Defendants' violations, Plaintiff is entitled to statutory damages of up to $500 for each and every call that violated the TCPA. Furthermore, because Defendants' violations were willful and knowing, Plaintiff is entitled to, and the Court has the discretion to award treble damages up to $1,500 for each violation.

**COUNT III**
**Violation of the Texas Business and Commerce Code**
**(Tex. Bus. & Com. Code § 302.101)**

47. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 31.

48. Defendants ATYG LLC, Jake Shapiro, and Jordan Baker engaged in "telephone solicitation" as defined by Tex. Bus. & Com. Code § 302.001(7), as their unsolicited calls to Plaintiff were made for the purpose of soliciting the sale of loans and financial services.

49. Tex. Bus. & Com. Code § 302.101 requires a person to register with the Texas Secretary of State before making telephone solicitations to a consumer in Texas.

50. A diligent search of the Texas Secretary of State's publicly available telemarketer database, conducted by Plaintiff on February 11, 2026, confirming that none of the Defendants are

registered as a telemarketer as is required to legally engage in telemarketing in the State of Texas. (https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp)

51. Defendant ATYG LLC is directly liable for these violations. As the principal entity that directed, controlled, and financially benefited from the telemarketing campaign targeting Texas consumers, ATYG LLC had a non-delegable duty to ensure its and its agents' compliance with Texas registration laws, which it failed to do.

52. Defendants' failure to register before placing telemarketing calls to Plaintiff constitutes multiple, separate violations of this chapter. Section 302.302(a) of the Texas Business and Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation.

53. Furthermore, § 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

**COUNT IV**
**Violation of the Texas Business and Commerce**
**(Tex. Bus. & Com. Code § 305)**

54. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 31.

55. Texas Business and Commerce Code § 305.053(a) explicitly provides a civil cause of action to any person who receives a communication that violates the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. As previously alleged, Plaintiff's telephone number has been registered on the national "do-not-call" registry since 2012, and it is therefore included on the Texas no-call list protected by this statute.

56. As alleged in detail in Counts I, II, and V, Defendants violated 47 U.S.C. § 227 by initiating multiple telephone solicitations to Plaintiff's telephone number, despite the number being

registered on the National Do Not Call Registry, by failing to honor Plaintiff's direct do-not-call requests, and utilizing and automatic telephone dialing system to place calls to Plaintiff.

57. Because Defendants' conduct violated 47 U.S.C. § 227, Plaintiff is entitled to bring this separate cause of action for those same violations under Texas state law.

58. Pursuant to Tex. Bus. & Com. Code § 305.053(b), Plaintiff is entitled to recover the greater of his actual damages or $500 for each and every violation.

59. Furthermore, because Defendant's violations were committed knowingly or intentionally, as evidenced by their pattern of repeated calls after Plaintiff's direct requests to stop, and their use of deceptive tactics of utilizing fictitious business names to evade identification, Plaintiff is entitled to an award of treble damages up to $1,500 for each violation, as permitted by Tex. Bus. & Com. Code § 305.053(c).

**COUNT V**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c))**

60. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 31.

61. The TCPA's implementing regulation, 47 U.S.C. § 227(b), provides that "[i]t shall be unlawful for any person within the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a … cellular telephone service." § 227(b)(1)(A)(iii).

62. On information and belief, Defendants, directly or through its agents, utilized an ATDS to initiate telemarketing calls to Plaintiff's cellular telephone number. The equipment used by Defendant constitutes an ATDS because it has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

63. Plaintiff bases this allegation on the fact that the text messages received were generic templates (e.g., "Hey it's jake we can get you 200,000," "Hey it's Joey with Steady Capital") sent from varying telephone numbers. This impersonal nature and the rotation of numbers are hallmarks of mass-texting software designed to dial or message without human intervention.

64. Furthermore, Defendants brazenly admit to the use of such technology on their own website. The disclaimer on ATYG LLC's application page states: "By clicking 'Submit,' you provide express written consent for ATYG LLC... to contact you via call, text, or email (including automated methods)..." This admission confirms that Defendants possess, control, and utilize equipment capable of automated dialing and messaging.

65. Defendants initiated these calls and text messages to Plaintiff's cellular telephone number without Plaintiff's prior express consent.

66. The aforementioned violations were made willfully and knowingly. Defendants' admission of using "automated methods" on their website demonstrates that the use of such equipment was a deliberate business strategy.

67. As a result of Defendants' conduct as alleged herein, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(b)(3), is entitled, to receive up to $500 in damages for such violation.

68. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief against Defendants, jointly and severally:

A. For Defendants' violations of the TCPA, 47 U.S.C. § 227(c), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

B. For Defendants' violations of the TCPA, 47 U.S.C. § 227(b), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

C. For Defendants' violations of the Texas Business & Commerce Code § 302.101, award Plaintiff statutory damages of up to $5,000.00 for each and every violation;

D. For Defendants' violations of the Texas Business & Commercial Code § 305, award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was knowing or intentional, thereby increasing the damages to $1,500.00 for each and every violation;

E. Issue a permanent injunction prohibiting Defendants, their agents, and employees from placing any further telephone solicitations to Plaintiff in violation of the TCPA and the Texas Business and Commerce Code;

F. Award Plaintiff all reasonable attorneys' fees, witness fees, court costs, and other litigation expenses incurred by Plaintiff pursuant to Tex. Bus. & Com. Code § 302.302(d);

G. Award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

H. Grant any other and further relief, both at law and in equity, that this Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Please take notice that Plaintiff, Mark Anthony Ortega, demands a jury trial in this case.

Dated: February 11, 2026

Respectfully submitted,

Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
210) 744-9663